MICHAEL ROSENBAUM and
PEGGY NEVELLS,

        Plaintiffs,

    v.

CABLEVISION INDUSTRIES LIMITED
PARTNERSHIP, a foreign limited partnership
d/b/a TIME WARNER COMMUNICATIONS;
TIME WARNER ENTERTAINMENT -
ADVANCE / NEWHOUSE PARTNERSHIP, a
foreign partnership d/b/a TIME WARNER
COMMUNICATIONS; TIME WARNER
ENTERTAINMENT COMPANY, L.P., a
foreign limited partnership d/b/a TIME
WARNER ENTERTAINMENT-ADVANCE /
NEWHOUSE PARTNERSHIP; TIME
WARNER AXS OF FLORIDA, L.P., LTD., a
foreign limited partnership d/b/a TIME
WARNER COMMUNICATIONS;

        Defendants.

| CLASS REPRESENTATION |
| --- |

---

## COMPLAINT

Plaintiffs **MICHAEL ROSENBAUM** and **PEGGY NEVELLS,** by and through

Plaintiffs' undersigned counsel, on behalf of Plaintiffs and all others similarly situated,

sue Defendants **CABLEVISION INDUSTRIES LIMITED PARTNERSHIP,** a foreign

limited partnership d/b/a TIME WARNER COMMUNICATIONS; **TIME WARNER**

**ENTERTAINMENT-ADVANCE/NEWHOUSE PARTNERSHIP,** a foreign

partnership d/b/a TIME WARNER COMMUNICATIONS; **TIME WARNER ENTERTAINMENT COMPANY, L.P.**, a foreign limited partnership d/b/a TIME WARNER ENTERTAINMENT-ADVANCE / NEWHOUSE PARTNERSHIP; **TIME WARNER AXS OF FLORIDA, L.P., LTD.**, a foreign limited partnership d/b/a TIME WARNER COMMUNICATIONS, and allege as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.    **TIME WARNER COMMUNICATIONS** is a trade name used by the named Defendants to operate cable services in the State of Florida. The named Defendants are foreign corporations, partnerships, and limited partnerships with their principal place of businesses located outside Florida. Each of the named Defendants is registered to do business in the State of Florida through the fictitious name, **TIME WARNER COMMUNICATIONS**.

2.    Collectively, the named Defendants operate as one of the largest operators of cable television franchises in the United States, and thousands of Floridians receive cable television service exclusively from **TIME WARNER COMMUNICATIONS**.

3.    The named Defendants operate **TIME WARNER COMMUNICATIONS** as a single economic entity. The named Defendants, for tax and/or other financial reasons (unrelated to management control of business activities) collectively own and operate **TIME WARNER COMMUNICATIONS** which is controlled and supervised by the named Defendants.

4.    **TIME WARNER COMMUNICATIONS** has an exclusive monopoly to provide cable television to citizens of the City of Inverness, Florida and Citrus County, Florida and their environs.

5.    **TIME WARNER COMMUNICATIONS** charges its customers a $4.00 "late fee" for payment of cable bills.

6.    **TIME WARNER COMMUNICATIONS'** late fee policy and procedures were created and are implemented by some or all of the named Defendants.

7.    Plaintiff, **MICHAEL ROSENBAUM**, resides in Citrus County, Florida and subscribes to and receives cable television provided by **TIME WARNER COMMUNICATIONS.**

8.    Plaintiff, **PEGGY NEVELLS**, resides in Citrus County, Florida and subscribes to and receives cable television provided by **TIME WARNER COMMUNICATIONS.**

9.    **TIME WARNER COMMUNICATIONS** collects revenues from its customers, including all late fee revenues, which appear on the named Defendants' consolidated financial statements, and which increase the size of the named Defendants' net worth. The named Defendants manage all the revenues, including all late fee revenues, collected by **TIME WARNER COMMUNICATIONS** in order to ensure that those funds are properly invested and to achieve a satisfactory rate of return.

10.    Jurisdiction and venue are proper in Citrus County, Florida pursuant to Fla. Stat. § 48.193(1) (a) and 48.193(f) (1). The contractual breaches and statutory violations that are the subject of this complaint occurred in Citrus County, Florida.

## Class Representation Allegations

11.     Plaintiffs bring this action pursuant to Fla.R.Civ.P. 1.220(a) and Rule 1.220(b) (2) and (b) (3) on behalf of a class of similarly situated persons. The class is defined as follows:

> All Florida residents who have paid late fees charged by **TIME WARNER COMMUNICATIONS** affiliates on or after January 31, 1993.

## Allegations Under Rule 1.220(a)

12.     This action is properly maintained as a class action pursuant to Rule 1.220(a) for the following reasons:

### Numerosity

The Class is so numerous that joinder of all class members is impracticable. While the exact number of class members can be determined only by appropriate discovery, the class is believed to include tens of thousands of members. The members of these class are so numerous that it would be impracticable to join all such persons in this action within the meaning of Rule 1.220(a) (1).

### Commonality

The claims of the representative party raise questions of law and fact that are common to all members of the class within the meaning of Rule 1.220(a) (3). Common legal and factual issues include the following:

(a)     whether the late fees charged by **TIME WARNER COMMUNICATIONS** is unreasonable and excessive;

(b)    whether the late fees charged by **TIME WARNER COMMUNICATIONS** constitutes an impermissible penalty;

(c)    whether the late fees charged by **TIME WARNER COMMUNICATIONS** violates Fla. Stat. § 672.718 because they are not reasonable in light of the anticipated or actual harm caused by customer late payments.

(d)    whether **TIME WARNER COMMUNICATIONS** requires payment within a commercially unreasonable period of time;

(e)    whether **TIME WARNER COMMUNICATIONS** violated the Florida Deceptive and Unfair Trade Practices Act by assessing and collecting excessive late fees; and,

(f)    whether members of the class sustained damages as a result of **TIME WARNER COMMUNICATIONS'** improper conduct and the proper measure of such damages.

### Typicality

As required by Rule 1.220(a) (3), the claims of Plaintiffs are typical of the claims of other members of the class and Plaintiffs have no interests that are adverse or antagonistic to the interests of the class. Plaintiffs' claims are typical of the claims of the members of the class because Plaintiffs complain of the same practices that adversely affected each member of the class; namely, the assessment and collection of unreasonable and excessive late fee penalties, and the demand for payment within a commercially unreasonable period of time.

### Adequacy

As required by Rule 1.220(a) (4), Plaintiffs and Plaintiffs' counsel will fairly and adequately protect and represent the interests of each member of the class. Plaintiffs are

committed to the vigorous prosecution of this action and has retained competent counsel experienced in prosecuting and defending such actions.

**Allegations Under**
**Rule 1.220(b) (2) and (b) (3)**

13.    This action is properly maintained as a class action pursuant to Rule 1.1220 (b) (2).  A declaratory judgment and/or injunction is essential to protect Plaintiffs and the class members from the continued assessment of unreasonable and excessive late fee penalties by **TIME WARNER COMMUNICATIONS**.

14.    This action is also properly maintained as a class action pursuant to Rule 1.220(b) (3), in that questions of law and fact common to the claims of Plaintiffs and the members of the class predominate over questions of law or fact affecting only individual members of the class, such that a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The issues relating to the claims of Plaintiffs do not vary from the issues relating to the claims of the other members of the class, such that a class action provides a far more efficient vehicle to resolve these claims than through a myriad of separate lawsuits.  All of these issues arise from **TIME WARNER COMMUNICATIONS'** assessment and collection of unreasonable and excessive late fees and the requirement of remitting payment within a commercially unreasonable period of time.  Questions of law and fact that are common to all members of the class include those set forth in paragraph 12 above.

15.    Certification of the class under Rule 1.220(b) (3) is also supported by the following considerations:

(a)     Individual actions would be incredibly wasteful of judicial resources. The legal fees from thousands of individual cases would far exceed those required to resolve this action;

(b)     The relatively small amount of damages that members of the class have suffered on an individual basis would not justify their prosecution of separate lawsuits;

(c)     Counsel is not aware of any other earlier-filed litigation against **TIME WARNER COMMUNICATIONS** to which any member of the class is a party and in which any question of law or fact controverted in the subject action is to be adjudicated, and

(d)     No difficulty will be encountered in the management of Plaintiffs' claims on a class action basis. The class is readily definable, and the prosecution of this class action will reduce the possibility of repetitious litigation.

## FACTUAL BACKGROUND

16.     Plaintiffs entered into written contracts with **TIME WARNER COMMUNICATIONS** to receive cable television services and programming. Plaintiffs do not currently possess a copy of their contract, but believe that **TIME WARNER COMMUNICATIONS** has a copy of same. Upon information and belief, the agreement and/or policies incorporated into the agreements permit **TIME WARNER COMMUNICATIONS** to charge Plaintiffs a reasonable late fee related to the cost of late payment. In the ordinary course of business, **TIME WARNER COMMUNICATIONS** distributed customer literature to its customers stating **TIME WARNER COMMUNICATIONS'** late fee policies and practices.

17.     **TIME WARNER COMMUNICATIONS** installed the requested cable television hookup and provided Plaintiffs with documents stating its services, rates, and billing procedures including late fee policies.

18. Upon information and belief, **TIME WARNER COMMUNICATIONS** contracts with a third-party billing agent to provide billing services for its Florida affiliates, including monthly billing statements sent to Plaintiffs on behalf of **TIME WARNER COMMUNICATIONS**. One of Plaintiffs' recent statements reflects that services are to be provided over a one month billing period extending from the first day of the month during which the bill is sent to the last day of the month. A copy of this statement is attached as Exhibit "A".

19. Each statement specifies a "date due". The "date due" on Plaintiffs' recent billing statements was "on receipt". The statements omit to state whether the payment must be sent or received (and processed) by the "date due" to avoid a late fee. The statements fail to state anything at all about the late fee policy, and provide no guidance on how to avoid a late fee. Upon information and belief, the use of the term "date due", and the failure to explain what that term means is uniform on a system-wide basis for all cable bills sent out by **TIME WARNER COMMUNICATIONS**.

20. The $4.00 late fee charged by **TIME WARNER COMMUNICATIONS** is not a reasonable advance estimate of late payment costs and is instead a penalty in that the late fees: (i) were not related to the cost of late payments alone; and/or (ii) were not based on an advance estimate of the cost of late payments since **TIME WARNER COMMUNICATIONS** never made an such an estimate or calculation in setting its late fee.

21. **TIME WARNER COMMUNICATIONS'** late fees are a penalty intentionally disguised as a reasonable and fair estimate of damages in order to make the

fees appear to comply with Florida law. **TIME WARNER COMMUNICATIONS** misuses the late fee to: (i) force customers to pay their cable bill within an unreasonably short payment period, and (ii) generate substantial revenues and profits unrelated to the actual cost of collecting and processing late payments alone. Although Federal regulations set **TIME WARNER COMMUNICATIONS'** maximum rates for various billing items, they do not set any rate parameters for late fees.

22.    **TIME WARNER COMMUNICATIONS** charges late fees to tens of thousands of customers each year. **TIME WARNER COMMUNICATIONS** and the named Defendants receive substantial annual revenues from these late fees.

23.    The late fees charged by **TIME WARNER COMMUNICATIONS** do not bear a reasonable relationship to the costs incurred by them due to late payments alone.

24.    **TIME WARNER COMMUNICATIONS** is seeking to use the late fee as (i) a penalty and profit generating device; and/or (ii) to recover costs unrelated to late payments such as non-payment costs or collection costs relating to non-paying customers.

25.    **TIME WARNER COMMUNICATIONS** incurs certain separate and distinct costs with late paying customers as opposed to costs associated with non-paying customers. Bad debt costs are separate and distinct from late payment costs. Upon information and belief, approximately 80% to 95% of TIME WARNER's Florida customers who are assessed a late fee pay their bill the following month. The majority of late paying customers do not become non-paying customers whose services are disconnected.

26.    **TIME WARNER COMMUNICATIONS**, in accordance with directives from the named Defendants, disconnects non-paying customers and charge those non-paying customers a separate fee to reconnect their cable service.  **TIME WARNER COMMUNICATIONS** requires non-paying disconnected customers to pay their bill in full before reconnection.  Non-paying customers must pay the reconnect fee, and all other monies owed, including late fees that have been assessed, before delivery of cable television resumes.

27.    **TIME WARNER COMMUNICATIONS** recovers all of the costs relating to late payments or non-payments in their basic cable rate as under monthly rates covered by benchmark filings approved by the FCC.  **TIME WARNER COMMUNICATIONS** is using the late fee to double dip and recover costs through both the illegal late fee and the "benchmark" filings.

28.    **TIME WARNER COMMUNICATIONS** bills customers in advance of the customer receiving cable services.  Customers may be assessed late fees even though they have not yet received the cable services for which payments are allegedly late.

29.    The period from when the customer receives the bill to when **TIME WARNER COMMUNICATIONS** allows for receipt of payment before assessing a late fee is commercially unreasonable.  That period is much shorter than the period provided by other comparable Florida utility companies, such as telephone, gas and electric companies.  Some of these other utility companies charge late fees equal to 1.5% of the amount that is late.  On a typical $30.00 cable bill such a late fee would result in a forty-

five cent ($0.45) charge, not the $4.00 charged by **TIME WARNER COMMUNICATIONS**.

30.    As a result of **TIME WARNER COMMUNICATIONS'** misconduct described herein, Plaintiffs were forced to pay late fees and continue to be threatened with paying additional late fees. Plaintiffs paid all late fees before filing this lawsuit in ignorance of the excessive or illegal nature of those fees.

**COUNT I**
**(UNLAWFUL LIQUIDATED DAMAGES)**

31.    Plaintiffs reallege paragraphs 1 through 30 above.

32.    Count I is brought as a class action to recover late charge penalties disguised as permissible and commercially reasonable liquidated damages paid by Plaintiffs and other class-members to **TIME WARNER COMMUNICATIONS** and the named Defendants.

33.    The late fee assessed against Plaintiffs and other class members who fail or failed to pay their bills within the unreasonably short time required by **TIME WARNER COMMUNICATIONS** does not represent any reasonable endeavor by **TIME WARNER COMMUNICATIONS** to estimate a fair, average compensation for any loss that might be sustained by late payments.

34.    At the time the named Defendants, through **TIME WARNER COMMUNICATIONS**, set the late fee amounts, they did not calculate the fee amount based on a reasonable advance estimate of the cost of late payments alone.

35. **TIME WARNER COMMUNICATIONS** made no cost calculations or estimates whatsoever at the time the amount of the late fees was set. Neither the named Defendants, nor **TIME WARNER COMMUNICATIONS** has ever made cost calculations or estimates to determine whether **TIME WARNER COMMUNICATIONS** should continue to charge the $4.00 late fee. Neither the named Defendants, nor **TIME WARNER COMMUNICATIONS** ever made cost calculations or estimates at any time to determine whether **TIME WARNER COMMUNICATIONS** should charge any late fees.

36. **TIME WARNER COMMUNICATIONS**, monopolist for cable television programming in its exclusive Florida territories, has, through adhesion contracts, impermissibly imposed a late penalty on Plaintiffs and other members of the class under the guise of a reasonable administrative charge when, in fact, the fees: (i) bear no reasonable relationship to the actual loss incurred by **TIME WARNER COMMUNICATIONS** for late payments; and (ii) are not a reasonable advance estimate of the costs incurred due to late payment.

37. **TIME WARNER COMMUNICATIONS'** imposition of a penalty, is void as a matter of law for its failure to qualify as proper liquidated damages that represent a reasonable advance estimate of the cost of late payment.

38. As a direct and proximate result of **TIME WARNER COMMUNICATIONS'** use of an impermissible penalty provision, Plaintiffs and the class have suffered damages equal to the sum of all excessive late fees and accrued

interest collected by **TIME WARNER COMMUNICATIONS** and remitted to the named Defendants.

WHEREFORE, Plaintiffs request that this Court:

A.    Certify this action as a class action and designate Plaintiffs and Plaintiffs' counsel as representatives of the class;

B.    Enter judgment against **TIME WARNER COMMUNICATIONS** and all named Defendants, awarding damages equal to the amount of all excessive late fees and accrued interest paid to **TIME WARNER COMMUNICATIONS** and the named Defendants;

C.    Enjoin the named Defendants and **TIME WARNER COMMUNICATIONS** from assessing excessive and unreasonable late fee penalties in the future;

D.    Declare **TIME WARNER COMMUNICATIONS'** late fee provision and policy void as an unlawful penalty;

E.    Award attorney fees, costs and expenses incurred in the prosecution of this action; and

F.    Such other relief as this Court deems appropriate.

## COUNT II
### (VIOLATION OF FLA. STAT. § 672.718)

39.    Plaintiffs reallege paragraphs 1 through 30 above.

40.    Count II is a class-action claim brought to recover sums paid in the form of late fees which do not qualify as liquidated damages under Fla. Stat. § 672.718.

41. Fla. Stat. § 672.718 provides that: "(1) Damages for breach by either party may be liquidated in the agreement, but only at an amount which is reasonable in light of the anticipated or actual harm caused by the breach . . .. A term fixing unreasonably large liquidated damages is void as a penalty."

42. **TIME WARNER COMMUNICATIONS'** imposition of a penalty, disguised as a charge for late payments is void under Fla. Stat. § 672.718 because it is not "reasonable in light of the anticipated or actual harm caused by the breach."

43. As a direct and proximate result of **TIME WARNER COMMUNICATIONS'** use of an impermissible penalty provision, Plaintiffs and the class members have suffered damages equal to the sum of all excessive late fees and accrued interest collected by **TIME WARNER COMMUNICATIONS** and remitted to the named Defendants.

WHEREFORE, Plaintiffs request that this Court:

A. Certify this action as a class action and designate Plaintiffs and Plaintiffs' counsel as representatives of the class;

B. Enter judgment against **TIME WARNER COMMUNICATIONS** and the named Defendants, awarding damages equal to the amount of all excessive late fees and accrued interest paid to **TIME WARNER COMMUNICATIONS** and remitted to the named Defendants;

C. Enjoin **TIME WARNER COMMUNICATIONS** and the named Defendants from assessing excessive and unreasonable late fee penalties in the future

before cable subscribers are given an adequate opportunity to pay their bills within a commercially reasonable time;

D.    Declare **TIME WARNER COMMUNICATIONS'** late fee provision and policy void as an unlawful penalty pursuant to Fla. Stat. § 672.718;

E.    Award attorney fees, costs and expenses incurred in the prosecution of this action; and

F.    Such other relief as this Court deems appropriate.

<u>COUNT III</u>
**(DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF UNDER FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT)**

44.    Plaintiffs reallege paragraphs 1 through 30 above.

45.    Count III is an action to obtain a declaratory judgment that **TIME WARNER COMMUNICATIONS'** and the named Defendants' trade practices are unfair or deceptive in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 <u>et</u> <u>seq.</u> ("FDUTPA"), and to enjoin further violations of FDUTPA by **TIME WARNER COMMUNICATIONS** and the named Defendants.

46.    Plaintiffs are consumers within the meaning of FDUTPA who paid late fees to **TIME WARNER COMMUNICATIONS.**

47.    **TIME WARNER COMMUNICATIONS'** provision of cable television services and its collection of fees for such services constitutes trade or commerce as defined by § 501.203(8) Fla. Stat., and is therefore subject to FDUTPA.

48.    **TIME WARNER COMMUNICATIONS'** assessment and collection of excessive late fees within a commercially unreasonable time constitutes an unfair or deceptive trade practice.

49.    Upon information and belief, **TIME WARNER COMMUNICATIONS** continues to engage in the unfair and deceptive practice of assessing and collecting excessive late fees within a commercially unreasonable time from their Florida customers.

50.    **TIME WARNER COMMUNICATIONS** and its Florida affiliates' conduct constitutes unconscionable, deceptive, or unfair acts or practices in violation of FDUTPA.

51.    Unless enjoined and prohibited from doing so, the named Defendants and **TIME WARNER COMMUNICATIONS** will continue with their unfair and deceptive practice of charging and collecting excessive late fees from their Florida customers within a commercially unreasonable time.

52.    Plaintiffs are entitled to an award of attorneys' fees under FDUTPA if Plaintiffs and the class prevail.

WHEREFORE, Plaintiffs request that this Court:

A.    Certify this action as a class action and designate Plaintiffs and Plaintiffs' counsel as representatives of the class;

B.    Enter judgment declaring that **TIME WARNER COMMUNICATIONS'** and the named Defendants' conduct of assessing and collecting excessive late fees within

a commercially unreasonable period of time constitutes an unfair or deceptive trade practice in violation of FDUTPA;

C.      Enjoin **TIME WARNER COMMUNICATIONS** and the named Defendants from assessing excessive and unreasonable late fee penalties in the future before cable subscribes are given an adequate opportunity to pay their bills within a commercially reasonable time;

D.      Award attorney fees, costs and expenses incurred in the prosecution of this action; and

E.      Such other relief as this Court deems appropriate.

## COUNT IV
## (DECEPTIVE CONDUCT UNDER FDUTPA)

53.      Plaintiffs reallege paragraphs 1 through 30 above.

54.      Count IV is an action to recover damages caused by **TIME WARNER COMMUNICATIONS'** and the named Defendants' deceptive trade practices in violation of FDUTPA.

55.      **TIME WARNER COMMUNICATIONS'** assessment and collection of excessive late fees within a commercially unreasonable time constitutes deceptive conduct under FDUTPA.

56.      This practice is likely to mislead customers to believe, or to create the reasonable expectation, that the $4.00 late fee charged whenever a customer fails to remit his or her payment within the commercially unreasonable time set by **TIME WARNER**

COMMUNICATIONS represents the actual costs incurred by **TIME WARNER COMMUNICATIONS** in collecting late payments.

57.     As a result of **TIME WARNER COMMUNICATIONS'** unconscionable or deceptive trade practices, Plaintiffs and the other members of the class suffered damages equal to the sum of all excessive late fees and accrued interest collected by **TIME WARNER COMMUNICATIONS** and remitted to the named Defendants.

58.     Plaintiffs are entitled to an award of attorneys' fees pursuant to FDUTPA if Plaintiffs and the class prevail.

WHEREFORE, Plaintiffs request that this Court:

A.     Certify this action as a class action and designate Plaintiffs and Plaintiffs' counsel as representatives of the class;

B.     Enter judgment against **TIME WARNER COMMUNICATIONS** and the named Defendants, awarding damages to Plaintiffs and the class based on **TIME WARNER COMMUNICATIONS'** and the named Defendants' violations of FDUTPA;

C.     Award attorney fees, costs and expenses incurred in the prosecution of this action; and

D.     Such other relief as this Court deems appropriate.

## COUNT V
## (UNFAIR CONDUCT UNDER FDUTPA)

59.     Plaintiffs reallege paragraphs 1 through 30 above.

60. Count V is an action for damages caused by **TIME WARNER COMMUNICATIONS'** and the named Defendants' unfair trade practices in violation of FDUTPA.

61. **TIME WARNER COMMUNICATIONS'** practice of assessing and charging excessive late fees within a commercially unreasonable time is unethical, oppressive, unscrupulous, or in violation of public policy, and therefore constitutes unfair conduct under FDUTPA.

62. Plaintiffs and other members of the class derived no benefit from **TIME WARNER COMMUNICATIONS'** unfair practice of assessing and collecting excessive late fees.

63. As a result of **TIME WARNER COMMUNICATIONS'** unfair trade practices, Plaintiffs and other members of the class had no reasonable opportunity to avoid paying excessive late fees.

64. As a result of **TIME WARNER COMMUNICATIONS'** unfair trade practices, Plaintiffs and the class suffered damages in an amount equal to the sum of all excessive late fees and accrued interest collected by **TIME WARNER COMMUNICATIONS** and remitted to the named Defendants.

65. Plaintiffs are entitled to an award of attorneys' fees pursuant to FDUTPA if Plaintiffs and the class prevail.

WHEREFORE, Plaintiffs request that this Court:

A. Certify this action as a class action and designate Plaintiffs and Plaintiffs' counsel as representatives of the class;

B.    Enter judgment against **TIME WARNER COMMUNICATIONS** and the named Defendants, awarding damages to Plaintiffs and the class based on **TIME WARNER COMMUNICATIONS**' and the named Defendants' violations of FDUTPA;

C.    Award attorney fees, costs and expenses incurred in the prosecution of this action; and

D.    Such other relief as this Court deems appropriate.

## **Demand for Jury Trial**

Plaintiff demands trial by jury as to all issues so triable as a matter of right.

Dated: January _30_ , 1998.

DEAN AND DEAN, L.L.P.

By: _____
Jonathan S. Dean
Florida Bar No.:0699100
230 N.E. 25th Avenue
Ocala FL 34470
Tel: (352) 368-2800
Fax: (352) 867-5787
Counsel for Plaintiff

STEPHEN D. SPIVEY

By: _____
Stephen D. Spivey
Florida Bar No.: 0998140
230 N.E. 25th Avenue, Suite 200
OCALA FL 34470
Tel: (352) 622-8828
Co-Counsel for Plaintiff

CUSTOMER SERVICE/SALES 800/892-0805
REPAIR/CABLE BOX RESTART 800/892-0803
FOR OUT-OF-STATE CALLS - 941/294-4123

| ACCOUNT NUMBER | SERVICE FROM | SERVICE TO | DATE DUE |
|---|---|---|---|
| 8223 15 027 0082487 | DECEMBER 01, 1997 | DECEMBER 31, 1997 | ON RECEIPT |

| DATE | SERVICE/TRANSACTION DESCRIPTION | AMOUNT |
|---|---|---|
| | PREVIOUS BALANCE | 121.64 |
| 10/30 | PAYMENT - THANK YOU | 58.92 CR |
| | BASIC-$5.60 TIER-$16.55 | 22.15 |
| | HBO/CINEMAX-MVP | 19.95 |
| | ADDRESSABLE CONVERTER | 7.65 |
| | SUPER STATION PKG | 2.97 |
| 10/27 | LATE CHARGE | 4.00 |
| | FEDERAL REGULATORY USER FEE | 0.04 |
| | FRANCHISE FEE | 2.84 |
| | STATE TAXES | 3.32 |
| | **AMOUNT DUE** | $125.64 |

AS OF THIS STATEMENT YOUR PAYMENT HAS NOT BEEN
RECEIVED. IF THE PAYMENT HAS BEEN MADE, PLEASE
ACCEPT OUR THANKS. IF NOT, A $4.00 LATE FEE MAY
BE CHARGED. IF THE FULL BALANCE IS NOT RECEIVED
PRIOR TO YOUR NEXT STATEMENT, A SECOND $4.00
LATE FEE MAY BE ASSESSED.

PAYMENTS RECEIVED AFTER NOVEMBER 21 ARE NOT INCLUDED IN THIS STATEMENT

| PREVIOUS BALANCE | − | PAYMENTS THANK YOU | + | CURRENT CHARGES | − | CREDITS | + | OTHER CHARGES (SEE ABOVE) | + | TAX/FEE | = | AMOUNT DUE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 121.64 | | 58.92 | | 52.72 | | 0.00 | | 4.00 | | 6.20 | | $125.64 |

AN AMOUNT FOLLOWED BY A (CR) IS A CREDIT OR A CREDIT BALANCE
TO CONTINUE TO IMPROVE OUR PROGRAMMING, CUSTOMER SERVICE &
TECHNOLOGY, WE WILL ISSUE NEW PRICES, PER FCC RULES, IN
JANUARY 1998. NEW BASIC SERVICE PRICE: $5.85(+$0.25),
TIER PRICE: $19.30(+$2.75), TOTAL CHANGE +$3.00. YOU MAY
FILE A COMPLAINT WITH THE LOCAL FRANCHISING AUTHORITY ON
THE TIER PRICE WITHIN 90 DAYS OF THE CHANGE.

TIME WARNER